IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MYERS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. _____ |
| ECOLAB, INC., *et al.*, | ) |
|  | ) JURY DEMAND |
| Defendants. | ) |

ECOLAB INC.'S NOTICE OF REMOVAL

Defendant Ecolab Inc. ("Ecolab") gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama. Removal is proper under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Pursuant to 28 § U.S.C. 1446(a), copies of all the process, pleadings, and orders served upon Ecolab are attached as **Exhibit A** to this Notice. As grounds for removal, Ecolab states as follows:

BACKGROUND

1. On October 29, 2021, Plaintiff Michael Myers, a citizen of Alabama, filed this action in the Circuit Court of Jefferson County, Case No. 01-CV-2021-90314200.

2. Plaintiff's Complaint alleges that Ecolab leases commercial equipment to his employer, Applebee's. Ex. A, Compl. ¶ 27. According to the Complaint, on October 28, 2020, an Ecolab-leased dishwasher "powered on, without provocation, and blasted Plaintiff with near-boiling water about his body, causing him to suffer severe injuries and damages." *Id.* at ¶ 29.

3. Based on these allegations, Plaintiff brings claims against Ecolab for violation of the Alabama Extended Manufacturer's Liability Doctrine, breach of warranty, and negligence and seeks compensatory damages for past and future medical expenses, permanent injuries and disfigurement, loss of enjoyment of life, loss of earnings, and physical pain and mental anguish. *Id.* at ¶¶ 35(a)-(h); 41(i)-(p); and 47(a)-(h).

## GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

5. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Both are satisfied here.

I. <u>The Parties Are Completely Diverse</u>.

6. At all relevant times, including the time of the filing of the Complaint and the time of removal, Plaintiff was and is a citizen of Alabama. Ex. A, Compl. ¶ 1.

7. At all relevant times, including the time of filing the Complaint and the time of removal, Ecolab was and is incorporated under the laws of the State of Delaware with its principal place of business in Minnesota. Therefore, for purposes of diversity, Ecolab is a citizen of Delaware and Minnesota. *See* 28 U.S.C. § 1332(c)(1).

8. The citizenship of defendants sued under fictitious names is disregarded for purposes of determining complete diversity of the parties for removal. *See* 28 U.S.C. § 1441(b)(1) (for purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded").

9. Accordingly, because Plaintiff and Ecolab are citizens of different states, and no other named defendant is a citizen of Alabama, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b).

II.     Amount in Controversy is Satisfied.

10.     This case is properly removable under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy requirement is met. Plaintiff did not demand a specific amount of monetary relief in the Complaint; thus, the amount in controversy can be specified in Ecolab's notice of removal. *See* 28 U.S.C. 1446(c)(2)(A).

11.     The Supreme Court has held that a notice of removal need only include a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

12.     In assessing whether the amount in controversy is met, courts can "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' *from the pleadings* to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (emphasis added). A removing defendant may show that the amount in controversy is satisfied when it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061 (citations

and internal quotation marks omitted). The district court applies its "judicial experience" and "common sense" in determining whether the face of the complaint establishes the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062–63 (11th Cir. 2010).

13. Here, Plaintiff's Complaint does not include a specific demand for damages. However, upon a full and fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Plaintiff's Complaint alleges that Plaintiff sustained first-degree burns to his arms and chest and second-degree burns to his face and neck that caused "scarring," "permanent injuries," and "permanent disfigurement." Ex. A, Compl. ¶ 35(a)-(c), (e). He claims that as a result of these injuries, he has incurred past medical expenses and will incur medical expenses in the future. *Id.* at ¶ 35(d). These claims support a finding that the amount in controversy is satisfied. *See Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1283–84 (N.D. Ala. 2013) (amount in controversy satisfied by the face of the complaint where plaintiff alleged that she suffered permanent injuries, past and future medical expenses, loss of enjoyment of life, and continuing pain and suffering).

15. In addition, the Complaint alleges that Plaintiff has suffered loss of enjoyment of life, loss of earnings, and "great physical pain and mental anguish" that will continue in the future. Ex. A, Compl. ¶ 35(a)-(h); *see Davidson v. Liberty*

*Mut. Ins. Co.*, 2016 WL 7428220, at *2 (S.D. Ala. Dec. 8, 2016) ("Courts in the Eleventh Circuit have considered a plaintiff's claim for mental anguish or emotional distress in determining the amount in controversy.").

16. If Plaintiff intended to seek less than $75,000 in damages, he could have simply said so in the Complaint. While not dispositive, this conspicuous omission provides further evidence that the amount in controversy is satisfied. *See Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds . . . must in their complaint formally and expressly disclaim any entitlement to more than $74,999.00, and categorically state that plaintiff will never accept more. Otherwise a plaintiff will find herself in federal court. . . .")

17. Because Plaintiff's Complaint alleges severe and permanent injuries and seeks several categories of damages, including past and future medical expenses, loss of enjoyment of life, and mental anguish, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000 in damages.

<u>REMOVAL IS TIMELY AND PROPER</u>

18. Defendant received a copy of the Summons and Complaint on November 3, 2021. Therefore, this removal is timely pursuant to 28 U.S.C. §

1446(b) because it is filed within thirty (30) days of receipt of service of the Summons and Complaint.

19. Venue is proper in the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1441(a), because it is the district division embracing the place where the action is currently pending.

20. Other than the documents attached as Ex. A, no other pleadings, process, orders or other documents in this action have been served or otherwise received by Ecolab.

21. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Circuit Court of Jefferson County and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Circuit Court of Jefferson County is attached as **Exhibit B**.

## RESERVATIONS

22. By filing a Notice of Removal in this matter, Ecolab does not waive its right to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and Ecolab specifically reserves the right to assert any defenses or objections to which it may be entitled, including but not limited to the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

23. If any question arises as to the propriety of the removal of this action, Ecolab requests the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery if needed.

WHEREFORE, Ecolab requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Jefferson County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in the Circuit Court.

/s/ Amie A. Vague
One of the Attorneys for Defendant Ecolab Inc.

OF COUNSEL
J. Bradley Powell
*bpowell@lightfootlaw.com*
Amie A. Vague
*avague@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

Doug L. Pfeifer (*pro hac vice* application forthcoming)
*doug.pfeifer@louisbrisbois.com*
LEWIS BRISBOIS

Wells Fargo Center
90 S 7th Street, Suite 2800
Minneapolis, MN 55402
(612) 428-5006 (telephone)
(612) 428-5001 (facsimile)

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to the following:

William H. Hassinger
W. Channing Brashaw
WETTERMARK & KEITH LLC
100 Grandview Place, Suite 530
Birmingham, Alabama 35243
*whassinger@wkfirm.com*
*cbrashaw@wkfirm.com*

*Attorneys for Plaintiff Michael Myers*

                                                /s/ *Amie A. Vague*
                                                OF COUNSEL