# EXHIBIT A

FILED
2021 Dec-02  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

ELECTRONICALLY FILED
10/29/2021 9:57 AM
01-CV-2021-903142.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01 ⬜<br><br>Date of Filing:<br>10/29/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MICHAEL MYERS v. ECOLAB, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other   **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| HAS018 | 10/29/2021 9:57:30 AM | /s/ William H. Hassinger |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
10/29/2021 9:57 AM
01-CV-2021-903142.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY

| | | |
|---|---|---|
| **MICHAEL MYERS, an individual;** | ) | **Civil Docket No.:** _____ |
| **Plaintiff,** | ) | |
| **vs.** | ) | |

 **ECOLAB, INC., a corporation; FICTITIOUS DEFENDANT NO. 1, whether singular or plural, that entity or those entities who or which were involved in the design process for the Ecolab-brand ES-2000 dishmachine, in any capacity; FICTITIOUS DEFENDANT NO. 2, whether singular or plural, that entity or those entities who or which were involved in the design process for the Ecolab-brand XL-2000 dishmachine, in any capacity; FICTITIOUS DEFENDANT NO. 3, whether singular or plural, that entity or those entities who or which reviewed the design of the Ecolab-brand ES-2000 dishmachine, for safety or any other purpose; FICTITIOUS DEFENDANT NO. 4, whether singular or plural, that entity or those entities who or which reviewed the design of the XL-2000 dishmachine, for safety or any other purpose; FICTITIOUS DEFENDANT NO. 5, whether singular or plural, that entity or those entities who or which manufactured the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, or any component part thereof, or any attendant equipment for use therewith; FICTITIOUS DEFENDANT NO. 6, whether singular or plural, that entity or those entities who or which designed the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT NO. 7, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT NO. 8, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; FICTITIOUS DEFENDANT NO. 9, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; FICTITIOUS DEFENDANT NO. 10, whether singular or plural, that entity or those entities who or which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; FICTITIOUS DEFENDANT NO. 11, whether singular or plural, that entity or those entities or that individual or those individuals whose duty it was to maintain or who undertook to maintain the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT NO. 12, whether singular or plural, that entity or those entities who or which advertised the Model(s) EC44-LW and/or EC44HH-LW dishmachines of the same type as the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, or any component part thereof, or any attendant equipment used or available for use therewith; FICTITIOUS DEFENDANT NO. 13, whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture, and/or assembly, distribution, or sale of the Model(s) EC44-LW and/or**

**EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit and/or the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT NO. 14, whether singular or plural, that entity or those entities who or which issued any approval of the Model ES-2000 and/or the Model XL-2000 dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; FICTITIOUS DEFENDANT NO. 15, whether singular or plural, that entity or those entities who or which conducted safety inspections or analysis of or with reference to the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any equipment used or available for use therewith, and/or the design or manufacturing process of each said product, including but not limited to the products liability insurance carrier for the manufacture and/or distributor of any of the aforesaid products; FICTITIOUS DEFENDANT NO. 16, whether singular or plural, that entity or those entities, or that individual or those individuals, other than those entities and individuals described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT NO. 17, whether singular or plural, that entity or those entities who or which provided insurance coverage, of whatever kind or character, to any of the named or fictitious parties herein; FICTITIOUS DEFENDANT NO. 18, whether singular or plural, that entity or those entities who or which reinsured or provided excess coverage with relation to any self-insurance program; FICTITIOUS DEFENDANT NO. 19, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor-in-interest to any of the named or fictitious parties herein. Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identity as proper party defendants is not known to Plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.**

**Plaintiff avers that the identities of the fictitious parties herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff their identities as proper parties are not known to the Plaintiff at this time and their true names will be substituted by amendment when ascertained.**

## <u>PLAINTIFF'S COMPLAINT</u>

COMES NOW the Plaintiff in the above-styled cause, and makes the following Complaint:

1.    The Plaintiff, **MICHAEL MYERS**, is over the age of nineteen (19) years and a resident of the State of Alabama.

2.    The Defendant, **ECOLAB, INC.** is a Foreign Corporation regularly doing business in the state of Alabama.

3.    **FICTITIOUS DEFENDANT NO. 1,** whether singular or plural, is that entity or those entities who or which were involved in the design process for the Ecolab-brand EC44-LW dishmachine, in any capacity.

4.    **FICTITIOUS DEFENDANT NO. 2,** whether singular or plural, is that entity or those entities who or which were involved in the design process for the Ecolab-brand EC44HH-LW dishmachine, in any capacity.

5.    **FICTITIOUS DEFENDANT NO. 3,** whether singular or plural, is that entity or those entities who or which reviewed the design of the Ecolab-brand EC44-LW dishmachine, for safety or any other purpose.

6.    **FICTITIOUS DEFENDANT NO. 4,** whether singular or plural, is that entity or those entities who or which reviewed the design of the EC44HH-LW dishmachine, for safety or any other purpose.

7.    **FICTITIOUS DEFENDANT NO. 5,** whether singular or plural, is that entity or those entities who or which manufactured the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, or any component part thereof, or any attendant equipment for use therewith.

8.    **FICTITIOUS DEFENDANT NO. 6,** whether singular or plural, is that entity or those entities who or which designed the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit.

9.    **FICTITIOUS DEFENDANT NO. 7,** whether singular or plural, is that entity or those entities who or which had any role in the distributive chain regarding the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of the occurrence made the basis of this lawsuit.

10.    **FICTITIOUS DEFENDANT NO. 8,** whether singular or plural, is that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit, altered or repaired the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith.

11.    **FICTITIOUS DEFENDANT NO. 9,** whether singular or plural, is that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith.

12.    **FICTITIOUS DEFENDANT NO. 10,** whether singular or plural, is that entity or those entities who or which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto.

13.    **FICTITIOUS DEFENDANT NO. 11,** whether singular or plural, is that entity or those entities or that individual or those individuals whose duty it was to maintain or who undertook to maintain the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of the occurrence made the basis of this lawsuit.

14.    **FICTITIOUS DEFENDANT NO. 12**, whether singular or plural, is that entity or those entities who or which advertised the Model(s) EC44-LW and/or EC44HH-LW dishmachines of the same type as the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, or any component part thereof, or any attendant equipment used or available for use therewith.

15.    **FICTITIOUS DEFENDANT NO. 13,** whether singular or plural, is that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture, and/or assembly, distribution, or sale of the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit and/or the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit.

16.    **FICTITIOUS DEFENDANT NO. 14,** whether singular or plural, is that entity or those entities who or which issued any approval of the Model EC44-LW and/or the Model EC44HH-WC dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith.

17.    **FICTITIOUS DEFENDANT NO. 15,** whether singular or plural, is that entity or those entities who or which conducted safety inspections or analysis of or with reference to the Model(s) EC44-LW and/or EC44HH-LW dishmachine involved in the occurrence made the basis of this lawsuit, any component part thereof, or any equipment used or available for use therewith, and/or the design or manufacturing process of each said product, including

but not limited to the products liability insurance carrier for the manufacture and/or distributor of any of the aforesaid products.

18. **FICTITIOUS DEFENDANT NO. 16,** whether singular or plural, is that entity or those entities, or that individual or those individuals, other than those entities and individuals described above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit.

19. **FICTITIOUS DEFENDANT NO. 17,** whether singular or plural, is that entity or those entities who or which provided insurance coverage, of whatever kind or character, to any of the named or fictitious parties herein.

20. **FICTITIOUS DEFENDANT NO. 18,** whether singular or plural, is that entity or those entities who or which reinsured or provided excess coverage with relation to any self-insurance program.

21. **FICTITIOUS DEFENDANT NO. 19,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successor-in-interest to any of the named or fictitious parties herein.

## JURISDICTION AND VENUE

22. The events giving rise to this lawsuit occurred in Madison County, Alabama, and the amount in controversy exceeds the jurisdictional minimum of this Court.

23. Furthermore, Defendant Ecolab, Inc. regularly sells and leases its products— including its dishmachines, such as the dishmachine at issue in this lawsuit— while knowing that those products will be and are regularly used by buyers and/or leased to lessors for use in Alabama.

24. Defendant Ecolab, Inc., and/or its agents and assigns likewise makes a specific effort to sell and lease Defendant Ecolab, Inc.'s products—including its dishmachines, such as the dishmachine at issue in this lawsuit—to buyers and lessors for use in Alabama.

25. Defendant Ecolab, Inc., and/or its agents and assigns, regularly advertises and markets its products—including its dishmachines, such as the dishmachine at issue in this lawsuit—in Alabama.

26. Defendant Ecolab, Inc., and/or its agents and assigns, has or have established channels for providing regular advice to prospective and former buyers and lessors of Defendant Ecolab, Inc.'s products in Alabama, including with the use of its web site.

## FACTS

27. On or about October 8, 2020, Plaintiff Michael Myers (hereinafter referred to as "Plaintiff") was employed by Applebee's as the kitchen manager. Defendant Ecolab, Inc. leases commercial equipment to Plaintiff's employer.

28. As apart of his duties, Plaintiff is required to 'breakdown' the dishwasher before leaving for the night. This involves reaching into the dishmachine and release the drain plug, so that the water can drain from the bottom of the dishmachine.

29. On this date, Plaintiff reached inside the dishmachine, and while a substantial portion of his head, chest, and arms were inside the machine, the dishmachine powered on, without provocation, and blasted Plaintiff with near-boiling water about his body, causing him to suffer severe injuries and damages.

30. It was later determined that a safety switch of the dishmachine had malfunctioned.

## COUNT I ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

31.    Plaintiffs adopt and incorporate Paragraphs 1-30 herein as if set forth in their entirety in this Count.

32.    On or about October 8, 2020, and for some time prior thereto, Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19 were engaged in the business of designing, manufacturing, selling, and/or distributing dishmachines throughout the United States, including the State of Alabama, for use in restaurants.  Said defendants, during said period of time and for valuable consideration, designed, manufactured, sold, and/or distributed, the dishmachine which caused Plaintiff Michael Myers' injuries.

33.    At the time of Plaintiff's injuries, the dishmachine was in substantially the same condition as when it was manufactured, sold and/or distributed, and it was being used in a manner that was foreseeable.  The dishmachine was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous when being so used.  Said defendants knew, or in the exercise of reasonable care should have known, that said dishmachine was unreasonably dangerous when being so used in a foreseeable manner.

34.    The defective and unreasonably dangerous condition of the dishmachine was the proximate cause of Plaintiff Michael Myers's injuries.

35.    The aforesaid wrongful conduct of Defendant Ecolab, Inc., and/or Fictitious

Defendants No. 1-19 combined and concurred, and as a proximate consequence thereof, Plaintiff Michael Myers was caused to suffer injuries and damages, including but not limited to the following:

(a)    Plaintiff was caused to suffer second-degree burns to his face and neck which ultimately healed with scarring to his face and neck;

(b)    Plaintiff was caused to suffer first-degree burns to both his arms and chest which ultimately healed with scarring to both extremities and to the chest;

(c)    Plaintiff has suffered permanent injuries;

(d)    Plaintiff was caused to incur medical expenses for the care and treatment of his injuries, and will be caused to incur medical expenses for the treatment of his injuries in the future;

(e)    Plaintiff has been caused to suffer permanent disfigurement;

(f)    Plaintiff was caused to lose enjoyment of life;

(g)    Plaintiff has been caused to suffer loss of earnings;

(h)    Plaintiff has been caused to suffer great physical pain and mental anguish, and will be caused to suffer great physical pain and mental anguish in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT II BREACH OF WARRANTY

36.    Plaintiffs adopt and incorporate Paragraphs 1-35 herein as if set forth in their entirety in this Count.

37.    On or about October 8, 2020 and for some time prior thereto, Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, were merchants and

sellers of dishmachines.  Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, sold the dishmachine which caused the injuries to Plaintiff Michael Myers.

38.   At the time Plaintiff Michael Myers was injured by said dishmachine, said product was being used for the purpose and in the manner it was intended.

39.   The dishmachine which injured Plaintiff Michael Myers was defective and unmerchantable, i.e., the dishmachine was not fit for the ordinary purposes for which such products are used due to the hazard of the products causing serious personal injuries.

40.   Plaintiff has given prior notice to Defendants of Defendants' breaches of warranty.

41.   The aforesaid wrongful conduct of Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, combined and concurred, and as a proximate consequence thereof, Plaintiff Michael Myers was caused to suffer injuries and damages, including but not limited to the following:

(i)   Plaintiff was caused to suffer second-degree burns to his face and neck which ultimately healed with scarring to his face and neck;

(j)   Plaintiff was caused to suffer first-degree burns to both his arms and chest which ultimately healed with scarring to both extremities and to the chest;

(k)   Plaintiff has suffered permanent injuries;

(l)   Plaintiff was caused to incur medical expenses for the care and treatment of his injuries, and will be caused to incur medical expenses for the treatment of his injuries in the future;

(m)   Plaintiff has been caused to suffer permanent disfigurement;

(n)   Plaintiff was caused to lose enjoyment of life;

(o)   Plaintiff has been caused to suffer loss of earnings;

(p)     Plaintiff has been caused to suffer great physical pain and mental anguish, and will be caused to suffer great physical pain and mental anguish in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT III NEGLIGENCE

44.    Plaintiff adopts and incorporates Paragraphs 1-43 herein as if set forth in their entirety in this Count.

45.    Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, had a duty to those whose job it was to use and/or maintain the dishmachine designed, manufactured, distributed and/or installed by Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-5, and/or No. 7-12, including Plaintiff Michael Myers.

46.    Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, negligently performed or failed to perform the duties owed to Plaintiff Michael Myers.

47.    The aforesaid negligence of Defendant Ecolab, Inc., and/or Fictitious Defendants No. 1-19, combined and concurred, and as a proximate consequence thereof, Plaintiff Michael Myers was caused to suffer injuries and damages, including but not limited to the following:

(a)     Plaintiff was caused to suffer second-degree burns to his face and neck which ultimately healed with scarring to his face and neck;

(b)     Plaintiff was caused to suffer first-degree burns to both his arms and chest which ultimately healed with scarring to both extremities and to the chest;

(c)      Plaintiff has suffered permanent injuries;

(d)      Plaintiff was caused to incur medical expenses for the care and treatment of his injuries, and will be caused to incur medical expenses for the treatment of his injuries in the future;

(e)      Plaintiff has been caused to suffer permanent disfigurement;

(f)      Plaintiff was caused to lose enjoyment of life;

(g)      Plaintiff has been caused to suffer loss of earnings;

(h)      Plaintiff has been caused to suffer great physical pain and mental anguish, and will be caused to suffer great physical pain and mental anguish in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Ecolab, Inc., and/or Fictitious Defendants 1-19, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

Respectfully submitted:

*/s/ William H. Hassinger*
William H. Hassinger (HAS018)
W. Channing Brashaw (BRA170)
*Attorneys for Plaintiff*

**OF COUNSEL:**
WETTERMARK & KEITH LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Telephone: (205) 933-9500
Facsimile: (205)747-4994
Email: whassinger@wkfirm.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Ecolab, Inc.
c/o CT Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104



AlaFile E-Notice

01-CV-2021-903142.00

To:   William H. Hassinger
       will.hassinger@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL MYERS V. ECOLAB, INC.
01-CV-2021-903142.00

The following complaint was FILED on 10/29/2021 9:57:34 AM

Notice Date:        10/29/2021 9:57:34 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903142.00

To:   ECOLAB, INC.
      C/O CT CORPORATION SYSTEM
      2 N. JACKSON ST. STE 605
      MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL MYERS V. ECOLAB, INC.
01-CV-2021-903142.00

The following complaint was FILED on 10/29/2021 9:57:34 AM

Notice Date:      10/29/2021 9:57:34 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-903142.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**MICHAEL MYERS V. ECOLAB, INC.**

**NOTICE TO:** ECOLAB, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
William H. Hassinger                                                                                                          ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 100 Grandview Place, Suite 530, Birmingham, AL 35243                           .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of <u>MICHAEL MYERS</u>
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 10/29/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ William H. Hassinger
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                 *(Name of County)*

Alabama on _____ .
*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL MYERS V. ECOLAB, INC.

01-CV-2021-903142.00

To:  CLERK BIRMINGHAM

clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.56

Parties to be served by Certified Mail - Return Receipt Requested

ECOLAB, INC.                                                          Postage: $8.56
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ECOLAB, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL 36104

9590 9402 6553 1028 5101 65

2. Article Number (Transfer from service label)

7020 1810 0000 2637 5495

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

s/c

CV-21-903142

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

---

7020 1810 0000 2637 5495

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ECOLAB, INC.

C/O CT CORPORATION SYSTEM

2 N. JACKSON ST. STE 605

MONTGOMERY, AL 36104



9590 9402 6553 1028 5101 65

2. Article Number (Transfer from service label)

7020 1810 0000 2637 5495

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Jennifer Jackson*          ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

NOV 0 3 2021

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

S/L

CV-21-903142

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt



USPS TRACKING#

MONTGOMERY AL 360

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

9590 9402 6553 1028 5101 65

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

NOV, 08 2021

JACQUELINE ANDERSON SMITH
CLERK

1—010100



AlaFile E-Notice

01-CV-2021-903142.00

Judge: DONALD E. BLANKENSHIP

To:  HASSINGER WILLIAM HENRY I
     will.hassinger@gmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL MYERS V. ECOLAB, INC.
01-CV-2021-903142.00

The following matter was served on 11/3/2021

**D001 ECOLAB, INC.**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903142.00

Judge: DONALD E. BLANKENSHIP

To:   BRASHAW WILLIAM CHANNING
      cbrashaw@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MICHAEL MYERS V. ECOLAB, INC.
01-CV-2021-903142.00

The following matter was served on 11/3/2021

**D001 ECOLAB, INC.**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov